997 So.2d 80 (2008)
STATE of Louisiana
v.
Roosevelt BRAY, Jr.
No. 2008-KA-0660.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 2008.
Keva Landrum-Johnson, District Attorney, David S. Pipes, Jr., Assistant District Attorney, New Orleans, LA, for State.
John Harvey Craft, Louisiana Appellate Project New Orleans, LA, for Defendant/Appellant.
*81 (Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
The defendant, Roosevelt Bray, Jr., appeals his conviction for being a felon in possession of a firearm, a violation of La. Rev.Stat. 14:95.1. After review of the record in light of the applicable law and arguments of the parties, we affirm the defendant's conviction and sentence.

Relevant Facts and Procedural History
On the night of January 1, 2007, Officer Desmond Pratt and three other officers, Officers Marcellus White, Benjamin Christoval, and Cedric Davillier, were on routine foot patrol in the Iberville Housing Development when they heard the sound of gunshots coming from the courtyard in the 1500 block of Conti Street. The officers immediately responded and, upon entering the courtyard, saw the defendant, who appeared to be alone, shooting off fireworks. Accordingly, Officer Pratt approached the defendant regarding the violation of the city ordinance prohibiting fireworks. Upon seeing the officers, the defendant gave them a nervous "wide-eyed" look. Officer Pratt observed the butt of a gun protruding from the defendant's waistband and saw the defendant clutch his side near the weapon handle before fleeing upstairs to an apartment at 1532 Conti Street. Because the stairwell was narrow, the four police officers, with Officer Pratt in the lead, pursued the defendant single-file. Officer Pratt was right behind the defendant as he entered the apartment and observed him throw a gun onto the sofa as he ran toward the kitchen leading to the apartment's back door. Officer Pratt recovered the fully loaded weapon while the other officers apprehended the defendant in the kitchen.
On April 19, 2007 the State filed a bill of information charging the defendant-appellant Roosevelt Bray with one count of violating La.Rev.Stat. 14:95.1, relative to being a convicted felon in possession of a firearm. A second count, subsequently dismissed, charged the defendant with possession of marijuana with the intent to distribute, a violation of La.Rev.Stat. 40:966. The defendant pleaded not guilty at his arraignment on May 7, 2007. The trial court denied the defendant's motion to suppress the evidence on June 19, 2007, and the one-day trial on count one commenced on July 12, 2007.
On cross-examination, Officer Pratt testified that he had seen the defendant in the Iberville Development several times before and believed that the defendant's "old lady" lived in Apartment "R" at 1532 Conti Street, the apartment into which the defendant fled. Officer Pratt conceded that the defendant's stated address on the police report was not the Conti Street apartment, but rather an address reflected in the police computer records.
Officer Marcellus White also testified, substantially reiterating Officer Pratt's testimony. Officer White stated that they entered the courtyard because of the sound of gunfire emanating from the area; the sound was not from a gun, however, but from the defendant shooting off fireworks. As soon as the defendant saw the approaching uniformed police officers, he clutched at his waistband and left the courtyard. Officer Pratt told his fellow officers that the defendant had a gun and then they pursued him into the apartment at 1532 Conti Street. Officer White stated that Officer Pratt told them that he saw the defendant throw a gun onto the sofa. Thereafter, the officers searched the defendant and found a hand-rolled cigar containing marijuana in his pocket. Also, in a search of the kitchen, the officers located *82 two metal cookie containers on the stove; both contained marijuana.
During cross-examination, Officer White stated that he wrote the police report with input from Officer Pratt. According to Officer White, he entered 1814 Bayou Road, Apartment C, as the defendant's address on the police report because that was the defendant's last known address. He further testified that the weapon retrieved from the sofa was not listed as stolen and that no fingerprint tests were run on the weapon because the officers had handled the gun to unload it.
The State recalled Officer Pratt after Office White concluded his testimony to ask him why he did not request that the Crime Lab test the weapon for fingerprints. Officer Pratt responded that there was no reason to do so as a gun in the defendant's physical possession automatically established a link between the gun and the defendant.
The defendant's sole witness was Dominique Covington, an intern investigator with the Orleans Public Defender's Office. She testified that, in the company of another investigator and defense counsel, she took several still photographs of the area where the incident occurred and made a videotape of the area. The videotape was played for the jury; the photographs had already been shown to the State's witnesses.
The parties stipulated that the defendant had previously been convicted of a felony in case number 407-290 as alleged in the bill of information and could not lawfully possess a firearm. The twelve-person jury returned a verdict of guilty as charged.
On September 11, 2007 the State filed a multiple bill of information; however the bill was withdrawn on September 12th. Also on September 12th, the court sentenced the defendant to serve fifteen years at hard labor without the benefit of probation, parole, or suspension of sentence and ordered that the defendant pay a $1,000 fine. The defendant's motion to reconsider sentence was denied and his motion for an appeal was granted.

Errors Patent
A review of the record for errors patent reveals that there are none.

Discussion
In his sole assignment of error, the defendant contends that the trial court erred when it prevented the defense counsel from cross-examining Officer Pratt as to the inconsistency between the defendant's address as reflected in the police report and the apartment where the defendant was arrested. The defendant argues Officer Pratt's testimony that his "common-law wife" resided in the apartment into which he fled is in direct conflict with his address as entered onto the police report and the discrepancy constituted impeachment material.[1]
We note, however, that the defense counsel was given ample opportunity to present the jury with the evidence that the defendant's address as given in the police report was not the location where he was arrested. The State's objections to questions pertaining to the defendant's address in the police report during Officer Pratt's testimony were sustained as hearsay because Officer Pratt was not the author of the police report. When the defense counsel questioned Officer White, the author of the police report, no objection to the testimony was made, and he was allowed to provide the jury with the specific address entered onto the police report. Thus, contrary *83 to the defendant's assertion, the trial court's decision not to permit cross-examination of Officer Pratt on the address issue did not result in an inability to elicit the alleged inconsistency. Instead, the trial court merely required that the defense direct its questions to the proper person.
Moreover, the relevancy of the defendant's address listed in the police report is problematic. Pursuant to La.Code Evid. art. 401, relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. In this case, Officer Pratt saw the defendant in physical possession of the firearm and, accordingly, the location where the defendant discarded the weapon is immaterial and irrelevant.[2]
This assignment of error is without merit.

Conclusion
The trial court did not curtail the cross-examination of Officer White, the author of the police report, regarding any inconsistency as reflected in that report and, accordingly, the defendant's assignment of error lacks merit. Accordingly, we affirm the defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] In his brief, the defendant fails to note that Officer Pratt did not write the police report and that Officer White was questioned without objection on the discrepancy.
[2] Notably, perhaps as a result of defense counsel's cross-examination of Officer White regarding the defendant's last known address, the State dismissed the count in which the defendant was charged with possession with the intent to distribute the marijuana located in the apartment.